**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| RANDY PETTER AND ADRIENNE PETTER, § § | | |
| Plaintiffs § | | |
| § | | |
| vs. § | | CIVIL ACTION NO. 4:22-cv-1281 |
| § | | |
| SAFECO INSURANCE COMPANY OF INDIANA, § § | | |
| Defendant. § | | |

**DEFENDANT'S NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Safeco Insurance Company of Indiana ("Safeco" or "Defendant"), files this Notice of Removal to the United States District Court for the Southern District of Texas, Houston Division, on the basis of diversity jurisdiction and would respectfully show the Court as follows:

**I.**
**Background and Procedural History**

1.      This is an insurance coverage action. Safeco issued insurance policy No. OY6719937 to Plaintiffs Randy and Adrienne Petter ("Plaintiffs") for the policy period from June 11, 2019 to June 11, 2020 (the "Policy"). The Policy provided coverage for Plaintiffs' property in Austin County, Texas ("Property"). Plaintiffs allege that "The Property sustained a significant hail and wind event on April 28, 2020, or at all times during the Policy period, causing extensive damage to the roofing system and exterior of the Property." *See* Plaintiffs' Original Petition ("Petition" or "Plaintiffs' Petition"), attached and incorporated herein as Exhibit A. Plaintiffs reported a claim to Safeco, and it was assigned Claim No. 044735127("Claim"). Safeco's adjuster inspected the Property and determined that the damage was from previous foot traffic.

Therefore, Safeco denied Plaintiffs' claim.

2. In March, 2022, Plaintiffs filed suit against Safeco in Cause No. 2022V-0019; *Randy Petter and Adrienne Petter v. Safeco Insurance Company of Indiana*; In the 155th Judicial District Court of Austin County, Texas (the "State Court Action"). *See* Petition Exhibit A. In the State Court Action, Plaintiffs assert causes of action for breach of contract, noncompliance with the Texas Insurance Code: the prompt payment of claims, breach of the duty of good faith and fair dealing, DTPA violations and fraud. *See id.*

## II.
## Basis for Removal

3. "Generally, a defendant may remove to federal court any state court civil action over which the federal court would have 'original jurisdiction.'" *Issa v. Allstate County Mut. Ins. Co.*, 4:20-CV-3227, 2021 WL 2457729, at *1 (S.D. Tex. June 16, 2021) (citing 28 U.S.C. § 1441(a); *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007)). "Federal courts have 'original jurisdiction' over civil actions where the parties are diverse and the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." *Id.* (citing 28 U.S.C. § 1332(a)). The removing party has the burden of showing the removal is proper. *Id.* (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)). Removal of the above-captioned action is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a), 1441(a), and 1446.

    **A.**    **There is Complete Diversity of Citizenship.**

    4.    Plaintiffs Randy and Adrienne Petter are citizens of Texas.

    5.    Defendant Safeco Insurance Company of Indiana is a corporation organized under the laws of Indiana with its principal place of business located in Boston, Massachusetts.

    6.    Therefore, there is complete diversity between the parties.

    **B.**    **The Amount in Controversy Exceeds $75,000.**

    7.    Plaintiffs assert the "damage to the Property warranted replacement cost coverage of $106,735.51" *See* Petition, Exhibit A, ¶ 15. Additionally, Plaintiffs "seek an amount owed of $315,000" in their demand letter. *See* Demand Letter, Exhibit C, p. 7. This allegation sufficiently demonstrates that the amount in controversy exceeds $75,000.

    9.    Additionally, the Petition alleges Safeco's actions were committed knowingly and Plaintiffs are seeking treble damages and exemplary damages. *See* Petition, Exhibit A, ¶ 32.

    10.    The amount in controversy includes the following alleged elements of damages and attorney's fees: (i) actual damages for losses under the insurance policy; (ii) actual damages for fraud; (iii) actual damages and treble damages for violation of the DTPA; and (iv) attorney's fees. *See Sotello* 2021 WL 1624272, at *2 (citing *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Arceo v. Allstate Tex. Lloyd's*, No. 5:19-CV-00177-OLG, 2019 WL 10302262, at *1–2 (W.D. Tex. June 10, 2019); *Ray v. State Farm Lloyds*, No. Civ. A. 3:98-CV-1288-G, 1999 WL 151667, at *2 (N.D. Tex. Mar. 10, 1999)) (stating items the court may consider in determining amount in controversy include attorneys' fees, statutory damages, punitive damages, treble damages, policy limits and penalties, but not interest or costs).

11.     Considering all the foregoing, it is reasonably clear that the amount in controversy exceeds the sum of $75,000.00 and the Court has diversity jurisdiction over this matter. *See* 28 U.S.C. § 1332(a).

### III.
### The Removal is Procedurally Correct

12.     Safeco was served with the Petition and process on March 24, 2022. Safeco files this Notice of Removal within the thirty-day period set forth in 28 U.S.C. § 1446(b).

13.     Venue is proper in this district and division under 28 U.S.C. § 1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in this District and Division.

14.     Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81, in addition to the Petition (Exhibit A), Policy Declarations (Exhibit B), and Demand Letter (Exhibit C) the following items are being filed contemporaneously with this Notice of Removal: Index of Matters Being Filed; all executed process (Exhibit D); Defendant's Original Answer (Exhibit E), a copy of the Docket Sheet (Exhibit F) and a List of All Counsel of Record.[1]

15.     Pursuant to 28 U.S.C. § 1446(d), promptly after Safeco files this Notice of Removal, written notice of the filing will be given to Plaintiffs, the adverse parties. Specifically, Plaintiffs will be served with notice of the filing.

16.     Pursuant to 28 U.S.C. § 1446(d), promptly after Safeco files this Notice of Removal, a true and correct copy of this Notice of Removal will be filed with the Clerk of the 155th Judicial District Court of Austin County, Texas.

### IV.

---

[1] Safeco is also filing its Rule 7.1 Disclosure Statement per Federal Rule of Civil Procedure 7.1.

## **Conclusion**

Based upon the foregoing, and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein by reference, Defendant Safeco Insurance Corporation hereby removes this case to this Court for trial and final determination.

Respectfully submitted,

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**

By: */s/ Christopher H. Avery*
J. Mark Kressenbeg
Fed. Adm. No. 7793
Texas State Bar No. 11725900
mkressenberg@thompsoncoe.com
Christopher H. Avery
Fed. Adm. No. 1018590
Bar No. 24069321
cavery@thompsoncoe.com
One Riverway, Suite 1400
Houston, Texas 77056
Telephone: (713) 403-8210
Facsimile: (713) 403-8299

**ATTORNEYS FOR DEFENDANT,
SAFECO INSURANCE COMPANY
OF INDIANA**

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 21, 2022, a true and correct copy of the foregoing instrument was served pursuant to the Federal Rules of Civil Procedure on the following counsel of record:

Jeffrey T. Embry
Margaret C. Pennell
Hossley Embry, LLP
515 S. Vine Ave.
Tyler, Texas 75702

Christopher P. Peirce
Hossley Embry, LLP
14241 Dallas Pkwy, Suite 240
Dallas, Texas 75254

                                             */s/ Christopher H. Avery*
                                             Christopher H. Avery