CAUSE NO. 2022V-0019

| | | |
|---|---|---|
| RANDY PETTER and ADRIENNE PETTER, | § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § | 155TH _____ JUDICIAL DISTRICT COURT |
| vs. | § § | |
| SAFECO INSURANCE COMPANY OF INDIANA , | § § § | |
| Defendant. | § § | AUSTIN COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Randy Petter and Adrienne Petter, Plaintiffs herein, file Plaintiffs' Original Petition against Defendant Safeco Insurance Company of Indiana, and, in support of their causes of action, Randy Petter and Adrienne Petter would respectfully show the Court the following:

## I.
## THE PARTIES

1.   Plaintiffs, Randy Petter and Adrienne Petter, are individuals residing at 434 North 3rd Street, Wallis, Texas 77854.

2.   Upon information and belief, Defendant Safeco Insurance Company of Indiana (hereinafter referred to as "Safeco"), is an insurance company doing business in the State of Texas. Safeco may be served via its registered agent for service in the state of Texas, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

## II.
## DISCOVERY

3.   This case is intended to be governed by Discovery Level 3.

EXHIBIT A

Copy from re:SearchTX

## III.
## CLAIM FOR RELIEF

4. The damages sought are within the jurisdictional limits of this Court. Plaintiffs currently seek monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and cost.

## IV.
## JURISDICTION AND VENUE

5. This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court.

6. Venue is proper in Austin County, Texas because all or a substantial part of the events or omissions giving rise to the claim occurred in Austin County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1). In particular, the loss at issue occurred in Austin County, Texas.

## V.
## FACTUAL BACKGROUND

7. Randy Petter and Adrienne Petter (collectively, "Petter" or "Plaintiffs") are the named insureds under a property insurance policy issued by Safeco identified as Policy No. OY6719937 ("Policy"). The Policy provided coverage for hail and wind damage to Petter's property located at 434 North 3rd Street, Wallis, TX 77485 ("Property") for the term of the Policy during the time of the date of loss of April 28, 2020.

8. The Property sustained a significant hail and wind event on April 28, 2020, or at all times during the Policy period, causing extensive damage to the roofing system and exterior of the Property. The photographs document the obvious widespread damage to the Property from the covered perils of hail and wind from the storm:

2

Copy from re:SearchTX





3

Copy from re:SearchTX





4

Copy from re:SearchTX

9. Petter reported this storm and the damage it caused to the Property to Safeco. Safeco acknowledged receipt of the claim and commenced its investigation.

10. Safeco assigned Antonio Coria ("Coria") as claims handler to adjust the claim. In turn, Coria retained ProNet Group, Inc. ("ProNet"), an engineering firm that works almost exclusively for insurance companies, to examine the Property and determine the cause of the damage. ProNet engineer Todd Perry ("Perry") inspected the Property on March 4, 2021. Shockingly, ProNet determined that the damage to Petter's roof was not caused by wind or hail. Rather, ProNet advised Safeco that the roof damage was "the result of historical foot traffic, tree debris impacts, and the quality of repairs/installation." In reaching these conclusions, Perry willfully disregarded evidence of hail and wind damage that was apparent to the naked eye. Further, Perry performed zero testing aside from a mere "eyeball" test to determine the cause of the extensive damages.

11. ProNet purported to research the National Oceanic and Atmospheric Administration's ("NOAA") National Center for Environmental Information database in reaching its summary conclusion that Petter's damages were not caused by wind or hail. However, NOAA reports, by themselves, are not warranted and largely come from spotters and government reporting. The web site contains the following disclaimer: "**An effort is made to use the best available information but because of time and resource constraints, information from these sources may be unverified by the NWS. Therefore, when using information from Storm Data, customers should be cautious as the NWS does not guarantee the accuracy or validity of the information. In cases of legal proceedings, Federal regulations generally prohibit NWS employees from appearing as witnesses in litigation not involving the United States.**"

Copy from re:SearchTX

12. Further, ProNet cited to the Community Collaborative Rain, Hail, and Snow Network ("CoCoRaHS") database and found that "no reports of hail were recorded" at the Property in April or May 2020. However, CoCoRaHS reports are questionable at best, as evidence by the following quote from CoCoRaHS's web site: "CoCoRaHS (pronounced KO-ko-rozz) is a **grassroots volunteer network of backyard weather observers** of all ages and backgrounds working together to measure and map precipitation (rain, hail and snow) in their local communities. By using low-cost measurement tools, stressing training and education, and utilizing an interactive Web-site, our aim is to provide the highest quality data for natural resource, education and research applications. **The only requirements to join are an enthusiasm for watching and reporting weather conditions and a desire to learn more about how weather can affect and impact our lives**" (emphasis added). Thus, ProNet's determination that "no reports of hail were recorded" does not mean that hail did not fall at the Property on April 28, 2020—it simply means that the "grassroots volunteer network of backyard weather observers" did not record any hail in April or May of 2020.

13. On April 5, 2021, Perry completed his engineering report and submitted it to Safeco. Although Coria had never inspected the Property himself, he purported to rely entirely on ProNet's report in making its final decision to deny Petter's claim.

14. On April 6, 2021, Safeco, through Coria, denied the claim in its entirety. In the denial letter, Safeco cited only to ProNet's engineering report for its conclusion that the cause of Petter's damages was simply a combination of foot traffic, tree debris impacts, and the quality of repairs/installation. This was despite the fact that ProNet only reviewed the two, questionable at best, weather reports in reaching its determination. Further, upon information and belief, no Safeco

Copy from re:SearchTX

representative had ever even stepped foot on Petter's Property. Accordingly, Safeco breached its Policy obligations and committed various insurance code violations in denying the claim.

15. Dismayed by Safeco's inadequate findings of covered damages, Petter retained the services of a licensed public adjuster in the State of Texas, Ester Hernandez ("Hernandez") of National Claims Negotiators ("NCN"), to render an accurate estimate of the storm-related damage to the Property. After a thorough inspection of the Property on April 13, 2021, Hernandez determined the damage to the Property warranted replacement cost coverage of **$106,735.51** under the terms of the Policy. Ms. Hernandez's estimate and evaluation came equipped with photographs of the damage. Ms. Hernandez's estimate was submitted to Safeco on or around April 29, 2021.

16. After being notified of NCN's involvement, and being provided with NCN's inspection and photographs, Safeco simply remained steadfast in its denial without conducting any testing and with direct evidence of hail and wind damage contradicting its position.

17. On May 5, 2021, NCN requested that Safeco "reinspect" the Property (although Safeco had never personally inspected the Property). On May 11, 2021, Coria issued correspondence denying NCN's request. Just as he did in his original denial letter, Coria cited only to ProNet's findings and offered no explanation for the denial.

18. Safeco, in denying the claim without conducting a reasonable investigation, did not take any samples and failed to conduct any testing to determine the cause of the extensive damages. The inadequacy of the Safeco inspection and investigation is further evidenced by its failure to give Petter an adequate explanation as to why Safeco believed there was no wind or hail damage to the shingles. Safeco never explained what it believed caused the obvious damage to the roof surface as documented and photographed by NCN.

Copy from re:SearchTX

19. Although Safeco was aware of Petter's clear and present hail and wind damage and the reported damage was covered by the Policy, Safeco decided the claim should be denied without conducting a thorough and reasonable inspection of the damages. Ultimately, Safeco determined that the damages were not covered under the Policy.

20. Safeco, along with its personnel, failed to thoroughly review and properly oversee the work of the assigned claims representative and adjuster, Coria, ultimately approving an improper adjustment of, and an inadequate and improper denial of Petter's claim. Safeco misrepresented that Petter's damages were not covered, when the losses in fact were clearly covered causes of loss during the Policy's period. Specifically, Safeco represented to Petter that none of the damage to the Property was caused by a covered cause of loss within the Policy period without any proper investigation when, in fact, Safeco knew, or with a reasonable investigation should have known, that the cost of repairs to all the damages was a clear covered loss.

21. Together, Safeco and Coria set out to deny properly covered damages. Because of this unreasonable investigation and failure to provide proper coverage for the damages sustained, Petter's claim was improperly adjusted, and Petter was denied payment to fully repair the property to its pre-storm condition. To this date, Petter has yet to receive any payment under the insurance policy.

## VI.
## CAUSES OF ACTION

22. Each of the foregoing paragraphs is incorporated by reference in the following:

**A.     Breach of Contract**

23. Safeco had a contract of insurance with Plaintiffs. Safeco breached the terms of that contract by wrongfully denying the claims, and Plaintiffs were damaged thereby.

Copy from re:SearchTX

**B.     Prompt Payment of Claims Statute**

24.     The failure of Safeco to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Section 542.051 *et seq.* of the Texas Insurance Code.

25.     Plaintiffs, therefore, in addition to Plaintiffs' claims for damages, are entitled to statutory interest and attorneys' fees as set forth in Section 542.060 of the Texas Insurance Code.

**C.     Bad Faith/Deceptive Trade Practices Act ("DTPA")**

26.     Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

27.     Defendant violated Section 541.051 of the Texas Insurance Code by:

(1)     making statements misrepresenting the terms and/or benefits of the Policy. As referenced above, Safeco mispresented coverage for hail damage and wind damage to the Property during the Policy period were covered causes of loss and misrepresented to Petter the coverage's terms.

28.     Defendant violated Section 541.060 by:

(1)     misrepresenting to Plaintiffs a material fact or Policy provision relating to coverage at issue;

(2)     failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of claims with respect to which the insurer's liability had become reasonably clear;

(3)     failing to promptly provide to Plaintiffs a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the insurer's denial of the claims or offer of compromise settlements of the claims;

9

  (4) failing within a reasonable time to affirm or deny coverage of the claims to Plaintiffs or submit a reservation of rights to Plaintiffs; and

  (5) refusing to pay the claims without conducting a reasonable investigation with respect to the claims. As referenced above, Safeco failed to meet its statutory timelines governed by the Texas Insurance Code, failed to respond to multiple requests for information, failed to disclose information it relied on in its investigation, failed to conduct testing of the damage, failed to allocate damage occurring during the Policy, and improperly claimed no hail or wind damage was reported on the date of loss.

29. Defendant violated Section 541.061 by:

  (1) making an untrue statement of material fact;

  (2) failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made; and

  (3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact. As referenced herein, Defendant misrepresented hail damage and wind damage that occurred during the Policy were not covered losses and failed to provide requested information used to render its claim decisions.

30. At all material times hereto, Plaintiffs were consumers who purchased insurance products and services from Defendant.

31. Defendant has violated the Texas DTPA in the following respects:

Copy from re:SearchTX

  (1)  Defendant represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

  (2)  Safeco failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed; and

  (3)  Safeco, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by Section 17.50(a)(1)(3) of the DTPA in that Safeco took advantage of Plaintiffs' lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Texas Insurance Code.

32. Defendant knowingly committed the acts complained of herein. As such, Plaintiffs are entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code Section 541.152(a)-(b).

**D. Breach of the Duty of Good Faith and Fair Dealing**

33. Defendant Safeco's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to Plaintiffs.

34. Defendant Safeco's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claims, although, at that time, Defendant Safeco knew or should

Copy from re:SearchTX

have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## VII.
## KNOWLEDGE

35. Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Plaintiffs' damages described herein.

**E.  Attorneys' Fees**

36. Plaintiffs engaged the undersigned attorney to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

37. Plaintiffs are entitled to reasonable and necessary attorneys' fees pursuant to Texas Civil Practice and Remedies Code Sections 38.001-38.003 because Plaintiffs are represented by an attorney, presented the claims to Defendant, and Defendant did not tender the just amounts owed before the expiration of the 30th day after the claims were presented.

38. Plaintiffs further pray that Plaintiffs be awarded all reasonable attorneys' fees incurred in prosecuting Plaintiffs' causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

## VIII.
## CONDITIONS PRECEDENT

39. All conditions precedent to Plaintiffs' right to recover have been fully performed or have been waived by Defendant.

## IX.
## PRAYER

40. WHEREFORE, PREMISES CONSIDERED, Randy Petter and Adrienne Petter pray that, upon final hearing of the case, they recover all damages from and against Defendant that

Copy from re:SearchTX

may reasonably be established by a preponderance of the evidence, and that Randy Petter and Adrienne Petter be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Randy Petter and Adrienne Petter may show themselves to be justly entitled.

Respectfully submitted,

*/s/ Christopher P. Peirce*
Jeffrey T. Embry
Bar Number: 24002052
Margaret C. Pennell
Bar Number: 24116893
Hossley Embry, LLP
515 S. Vine Ave.
Tyler, Texas 75702
Telephone No.  903-526-1772
Telecopier No.  903-526-1773
jeff@hossleyembry.com
meg@hossleyembry.com

AND

Christopher P. Peirce
Bar Number: 24046604
Hossley Embry, LLP
14241 Dallas Pkwy, Suite 240
Dallas, Texas 75254
Telephone No. 214-390-2349
cpeirce@hossleyembry.com

**ATTORNEYS FOR PLAINTIFFS**

Copy from re:SearchTX

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Ginger Brown on behalf of Jeffrey Embry
Bar No. 24002052
ginger@hossleyembry.com
Envelope ID: 62747487
Status as of 3/18/2022 2:47 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Chris Peirce | | cpeirce@hossleyembry.com | 3/18/2022 2:05:51 PM | SENT |
| Meg Pennell | | meg@hossleyembry.com | 3/18/2022 2:05:51 PM | SENT |
| Ginger Brown | | ginger@hossleyembry.com | 3/18/2022 2:05:51 PM | SENT |
| Katelyn Hall | | katelyn@hossleyembry.com | 3/18/2022 2:05:51 PM | SENT |
| Jeffrey T.Embry | | jeff@hossleyembry.com | 3/18/2022 2:05:51 PM | SENT |