CAUSE NO. 2022V-0019

| | | |
|---|---|---|
| RANDY PETTER AND ADRIENNE PETTER | § § § § § § § § § § | IN THE DISTRICT COURT |
| Plaintiffs, | | |
| v. | | 155TH JUDICIAL DISTRICT COURT |
| SAFECO INSURANCE COMPANY OF INDIANA, | | |
| Defendant. | | AUSTIN COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Safeco Insurance Company of Indiana ("Defendant"), files Defendant's Original Answer and in support thereof shows as follows:

### I.
### GENERAL DENIAL

1. Pursuant to Texas Rule of Civil Procedure 92, Defendant generally denies, each and every, all and singular, the allegations set forth in Plaintiffs' Original Petition and Jury Demand ("Plaintiffs' Original Petition" or "Petition") and demands strict proof thereof by a preponderance of the credible evidence in accordance with the laws of the State of Texas.

### II.
### SPECIFIC DENIALS

2. Defendant specifically denies Plaintiffs' allegations of breach of contract, noncompliance with the Texas Insurance Code: the prompt payment of claims, breach of the duty of good faith and fair dealing, DTPA violations, fraud and any other causes of action alleged in Plaintiffs' Original Petition and all amendments thereto. Defendant also specifically denies Plaintiffs' allegations pertaining to actual damages, consequential damages, compensatory damages, exemplary damages, treble damages, additional damages, economic damages, and attorney's fees

EXHIBIT E

Copy from re:SearchTX

in Plaintiffs' Original Petition and all amendments thereto.

3. Defendant specifically denies that all conditions precedent to Plaintiffs' alleged claims and causes of action have occurred. All conditions precedent have not occurred in the following respects:

    (a) Plaintiffs have not given Defendant notices in writing in the form and manner required by Section 541.154 of the Texas Insurance Code;

    (b) Plaintiffs have not complied with their duties after loss as required by the insurance policy ("Policy") on which they base their claims;

    (c) Plaintiffs have not given Defendant notice in writing in the form and manner required by Section 17.505(a) of the Texas Deceptive Trade Practices – Consumer Protection Act; and

    (d) Plaintiffs have not made the repairs and/or replaced the allegedly damaged insured property so as to entitle Plaintiffs to compensation for replacement cost value as required by the Policy on which they base their claims.

4. Defendant specifically denies that Plaintiffs are owed any additional amounts under the Policy for the property damage which forms the basis of Plaintiffs' claims and causes of action.

5. Defendant specifically denies that pre-suit notice was given, in accordance with Texas law, and denies Plaintiffs' rights to recover attorneys' fees, expenses, and costs in this action. Specifically, notice was not provided in compliance with Section 542A of the Texas Insurance Code. In the alternative, Defendant would show that Plaintiffs' presentment of this claim constitutes an excessive and unreasonable demand and, therefore, Plaintiffs are precluded from recovering attorneys' fees and expenses.

6. Defendant specifically denies that it committed any wrongful acts or that it acted "knowingly" or "intentionally" as those terms are defined by Section 17.50(b)(1) of the Texas Business & Commerce Code and/or Section 541.002(1) of the Texas Insurance Code.

7. Defendant specifically denies that it has waived or is estopped from asserting any defenses

Copy from re:SearchTX

in tort or in contract.

8. Defendant specifically denies that it failed to issue an explanation of benefits letter, an estimate of damages, or that it otherwise failed to provide Plaintiffs a full explanation of the results of the claims process.

9. Defendant specifically denies that it failed to affirm or deny coverage of Plaintiffs' claims within a reasonable time.

## III.
### AFFIRMATIVE DEFENSES

10. Plaintiffs' claims are subject to the respective terms and conditions of the Policy, including but not limited to the applicable Policy limit and deductible. Imperial hereby incorporates the terms of its Policy by reference.

11. The Policy only affords Plaintiffs the replacement cost value of covered damage to the dwelling after the damaged or destroyed property has actually been repaired or replaced. If Plaintiffs have not replaced or repaired the allegedly damaged property, then they are only entitled to the actual cash value of the loss as provided for by the Policy under which he brings suit.

12. Plaintiffs' claims and causes of action are barred, either in whole or in part, because Plaintiffs fails to state a claim upon which relief can be granted. Specifically, Plaintiffs fails to describe how an insurer's alleged breach of contract converts Plaintiffs' contractual claim into a cause of action against Defendant for alleged violations of the Texas Insurance Code. Plaintiffs' Original Petition instead alleges that Plaintiffs are owed extra-contractual damages because Defendant allegedly failed to pay a disputed claim. Absent any specific factual allegations of Texas Insurance Code violations in Plaintiffs' Original Petition which caused damage to Plaintiffs independent of the alleged contract damages sought in this lawsuit, the Petition does not support a claim upon which relief can be granted.

Copy from re:SearchTX

13.     With regard to all of Plaintiffs' extra-contractual claims, Defendant asserts a *bona fide* coverage dispute.

14.     Plaintiffs' damages are limited by the amount set forth in the limitations provisions of the Policy.

15.     No act or omission of Defendant was the proximate or producing cause of any injury to Plaintiffs.

16.     To the extent that any item of loss was not addressed, not investigated and/or omitted from adjustment by Defendant, Defendant pleads the affirmative defenses of waiver and estoppel based on Plaintiffs' failure to timely, fully and/or properly identify and report such item(s) to Defendant or Defendant's agents.

17.     To the extent that any item of loss was not addressed, not investigated and/or omitted from adjustment by Defendant, in the alternative, Defendant pleads that the cause for same results from Plaintiffs' material breach of the Policy and/or Plaintiffs' failure to comply with conditions precedent. Plaintiffs had a duty to timely, fully and properly identify and report such item(s) to Defendant or Defendant's agents and failed to fulfill that duty, thus causing and/or contributing to cause the damages now claimed by Plaintiffs.

18.     Defendant denies any liability to Plaintiffs for alleged extra-contractual damages. Defendant further pleads that any award to Plaintiffs of exemplary, additional, treble or punitive damages or penalties is limited by Chapter 41 of the Texas Civil Practice & Remedies Code and Sections 541.152 and 542.060 of the Texas Insurance Code.

19.     Plaintiffs' claims and causes of action sounding in tort, if any, are barred by the economic loss rule.

20.     Plaintiffs' claims and causes of action are barred by Plaintiffs' failure to mitigate. Plaintiffs

have failed to mitigate their damages in that they failed to protect the property from further damage and/or to make reasonable and necessary repairs to protect the property.

21. Plaintiffs' causes of action are barred by the defenses provided by Section 17.49(c) of the Texas Business & Commerce Code in that the adjustment of the claim at issue involved the rendering of professional service, the essence of which is the provision of advice, judgment, opinion, or similar professional skill.

22. Defendant pleads the common law doctrine of concurrent causation as it relates to covered versus non-covered perils and the proximate cause of Plaintiffs' alleged damages.

23. Plaintiffs' causes of action are barred by the anti-concurrent causation clause in the Policy.

24. Plaintiffs' causes of action are barred in whole or in part by the warranties, terms, definitions, provisions, conditions, exclusions and limitations of the Policy. Defendant incorporates the Policy as if such were fully set forth herein, *in extenso*. Under Texas law, an insured has a duty to read an insurance policy and is charged with knowledge of its contents. Defendant asserts that any claim which is based upon a representation, inducement, or reliance on a representation fails as a matter of law, since Plaintiffs are charged with knowledge of the contents of the Policy.

25. Defendant asserts an affirmative defense based on an express exclusion in the Policy for damage caused by wear and tear, marring, deterioration. The damage to Plaintiffs' property was caused by wear and tear, scratching and/or deterioration and is therefore excluded from coverage.

26. Defendant asserts an affirmative defense based on an express exclusion in the Policy for damage caused by mechanical breakdown, latent defect, inherent vice, or any quality in property that causes it to damage or destroy itself. The damage to Plaintiffs' property was caused by mechanical breakdown, latent defect, inherent vice, or another quality in property that causes it to damage or destroy itself and is therefore excluded from coverage.

Copy from re:SearchTX

27.     Defendant asserts an affirmative defense based on an express exclusion in the Policy for damage caused by faulty, inadequate or defective planning, zoning, development, surveying, siting; faulty, inadequate or defective design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction; faulty, inadequate or defective materials used in repair, construction, renovation or remodeling; or faulty, inadequate or defective maintenance. The damage to Plaintiffs' property was caused by faulty, inadequate or defective planning, zoning, development, surveying, siting; faulty, inadequate or defective design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction; faulty, inadequate or defective materials used in repair, construction, renovation or remodeling; and/or faulty, inadequate or defective maintenance. Therefore, the damage is excluded from coverage.

## IV.
## JURY DEMAND

28.     Defendant requests that the above-captioned cause be tried before a jury consisting of citizens of Austin County, Texas. Defendant also tenders the appropriate jury fee.

## V.
## CONCLUSION

For these reasons, Defendant Safeco Insurance Company of Indiana respectfully requests that, upon final hearing of this cause, the Court enter a judgment that Plaintiffs, Randy Petter and Adrienne Petter, take nothing by way of their claims and causes of action against Defendant and that all costs of court be assessed against Plaintiffs. Defendant also requests all such other and further relief, at law or in equity, to which Defendant is justly entitled.

Copy from re:SearchTX

Respectfully submitted,

**THOMPSON, COE, COUSINS & IRONS, LLP**

By: */s/ Christopher H. Avery*
Christopher H. Avery
State Bar No. 24069321
Zachary L. Harvey
State Bar No. 24123066
One Riverway, Suite 1400
Houston, Texas 77056
713-403-8210
713-403-8299 – Facsimile
cavery@thompsoncoe.com
zharvey@thompsoncoe.com

**ATTORNEYS FOR DEFENDANT,
SAFECO INSURANCE COMPANY
OF INDIANA**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this instrument has been served via e-filing, e-service or email on this the 13th day of April, 2022 on the following counsel of record:

Christopher P. Pierce
Hossley Embry
14241 Dallas Pkwy, Suite 240
Dallas, Texas 75254

*/s/ Christopher H. Avery*
Christopher H. Avery

Copy from re:SearchTX

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Barbara Fernandez on behalf of Christopher Avery
Bar No. 24069321
bfernandez@thompsoncoe.com
Envelope ID: 63533934
Status as of 4/13/2022 11:29 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Christopher HAvery | | CAvery@thompsoncoe.com | 4/13/2022 11:23:17 AM | SENT |
| Zachary Harvey | | zharvey@thompsoncoe.com | 4/13/2022 11:23:17 AM | SENT |

Copy from re:SearchTX